## J. H. RIVERS *v.* F. T. MULHOLLAND ET AL.

MECHANIC'S LIEN. *Sub-contractor.* *Section* 1381, *Code* 1880, *construed.*

A sub-contractor is not provided for by ¿ 1381 of "An act in relation to the lien of mechanics," in the Code of 1880, which declares that "when any contractor or master workman shall refuse to pay any person who may have furnished materials used in the erection of any such building or improvement [as referred to in previous sections of the act], or the wages of any journeyman or laborer employed by him therein, such person, or such journeyman or laborer, may give notice in writing to the owner of such building or improvement of the amount due; and thereupon the amount that may be due by such owner to the contractor or master builder shall be bound and liable in the hands of such owner for the payment of the sum so claimed."

APPEAL from the Circuit Court of Clarke County.

HON. S. H. TERRAL, Judge.

F. T. Mulholland, having a contract with the New Orleans and Northeastern Railroad Company to grade a division of its road-bed, on the 29th of December, 1881, let out a section of the work to J. H. Rivers. On the 20th of May, 1882, Rivers had performed the work according to his contract with Mulholland. But the latter having failed or refused to pay for the work, Rivers, on the 10th of June and the 10th of July, 1882, notified the railroad company, which was then indebted to Mulholland under his contract, of Mulholland's indebtedness to him, and of his (Mulholland's) refusal to pay the same. And on the 27th of July, 1882, Rivers filed the petition in this case against Mulholland and the railroad company, under chapter 53 of the Code of 1880, "in relation to the lien of mechanics," asking for a judgment for two thousand seven hundred and ninety-nine dollars and twenty-seven cents against the defendants, to be enforced by a lien on the New Orleans and Northeastern Railroad. The railroad company demurred to the petition, and its demurrer was sustained, whereupon the petitioner appealed.

*Whitaker & Bell,* for the appellant.

The objection here to the petition is that Rivers, the petitioner, is neither a contracter nor a laborer, but a sub-contractor, and

therefore not entitled under the law to recover.   The object of the law is to protect the employees of the contractor—not merely the laborers who handle the spades and shovels, but employees of every class.

It was decided in *Herrin* v. *Warren & Mobley*, 61 Miss. 515, that the laborers of the sub-contractor were entitled to the lien after notice given.   When Rivers paid the laborers, *as he was bound to do*, he stood in their place, and is entitled to any rights they may have had in the premises.

*J. W. Fewell*, for the appellees.

A sub-contractor is not entitled to any lien on property erected by contract.   The petition alleges that the work was being done by Mulholland, as a contractor.   There was no lien.   *Herrin* v. *Warren & Mobley*, 61 Miss. 509.

If the petition is to be taken as a proceeding in the nature of a garnishment, under § 1381 of the code, it cannot stand.   That section, by express terms, embraces only persons who have furnished materials used in the erection of the building, etc., and " the *wages* of any journeyman or laborer employed by him."

CAMPBELL, J., delivered the opinion of the court.

Section 1381 of the Code of 1880 gives the remedy it provides only to such person as may have furnished materials used in the erection of a building or improvement and to a journeyman or laborer employed by the contractor or master workman.   A sub-contractor, who hires laborers and does a part of the work by virtue of a contract made with the contractor, is not provided for by the statute.

*Affirmed.*